# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

OSCAR L. WASHINGTON, JR.
Petitioner,

v.

JIM NEIL, Sheriff, et al.,
Respondent.

Case No. 1:18-cv-589

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee, filed a petition for a writ of habeas corpus with civil rights claims. (Doc. 1). Because petitioner is a pretrial detainee, this Court construed the petition as being filed under 28 U.S.C. § 2241. (Doc. 3, at PageID 168). *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008). Petitioner paid the $5 filing fee. However, petitioner failed to sign the petition as required by Fed. R. Civ. P. 11. Nor was it established that the individual who signed the petition on petitioner's behalf, Achashverosh Adnah Ammiyhuwd, was a licensed attorney or met the requirements to acquire "next friend" standing under 28 U.S.C. § 2242. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (setting forth requirements for a putative "next friend" and stating that the "putative next friend must clearly establish 'the propriety of his status' in order to 'justify the jurisdiction of the court.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990)).

On August 29, 2018, this Court entered a Deficiency Order. (Doc. 3). In the Order, the Court directed the Clerk of Court to return the petition to petitioner and ordered petitioner to sign the petition and return it to the Clerk of Court within thirty (30) days of the date of the Order if petitioner wished to proceed with this case. (Doc. 3, at PageID 169). At this time, more than thirty days after the Court entered the August 29, 2018 Order, petitioner has not returned the signed habeas petition. Instead, Ammiyhuwd filed an objection to the Court's August 29, 2018,

Deficiency Order (Doc. 4); a motion to intervene (Doc. 6); and a notice of non-consent and application for a three-judge court (Doc. 7). Ammiyhuwd has failed establish in these filings that petitioner is unable to sign and return the habeas petition in this action.[1]

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Deficiency Order issued on August 29, 2018, and Ammiyhuwd has failed to adequately explain why petitioner is unable to do so, it is hereby **RECOMMENDED** that this matter be **DISMISSED without prejudice** for failure to prosecute.

**IT IS SO RECOMMENDED.**

Date: 10/15/18

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Ammiyhuwd continues to seek "next-friend" standing in this case. A party seeking to establish "next friend" standing must, among other things, "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163. Ammiyhuwd asserts that petitioner cannot proceed on his own because he has no knowledge of the law. (*See* Doc. 4, at PageID 176-77). This is insufficient to establish "next friend" standing. *See e.g.*, *Pinkston v. Smith*, No. 3:15cv786-CWR-MTP, 2015 WL 7289501, at *2 (S.D. Miss. Nov. 17, 2015) (finding that the brother of a petitioner failed to satisfy the requirements of "next friend" standing through assertions that the petitioner was blocked from the prison law library); *Evans v. McNeil*, No. 3:06-cv-379, 2008 WL 2561899 (S.D. Fla. June 25, 2008) (finding that the father of a petitioner failed to satisfy the requirements of "next friend" standing through assertions that the jail's system of legal research was inadequate).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OSCAR L. WASHINGTON, JR.
Petitioner,

v.

JIM NEIL, Sheriff, et al.,
Respondent.

Case No. 1:18-cv-589

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).