**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Oscar L. Washington, Jr.,

        Petitioner,                         Case No.  1:18cv00589

        v.                                    Judge Michael R. Barrett

Jim Neil, Sheriff, *et al.*,

        Respondents.

## ORDER

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on October 16, 2018 (Doc. 8), as well as the Report and Recommendation (R&R) later issued on June 27, 2019 (Doc. 11).  Objections have been filed to both R&Rs.  (*See* Docs. 9, 12).

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge.  With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).   After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).  The Court has engaged in a de novo review, which is set forth below.

### I.    BACKGROUND

### A. The October 16, 2018 R&R

As explained by the Magistrate Judge, Petitioner, a pretrial detainee, filed a petition for a writ of habeas corpus with civil rights claims on August 21, 2018.  (*See*

Doc. 1).[1]  While he paid the $5 filing fee, he failed to sign the petition as required by

Fed. R. Civ. P. 11.[2]  Instead, the petition was signed on his behalf by Achashverosh

Adnah Ammiyhuwd as a putative next friend.  (Doc. 1 at PageID 146).  Ammiyhuwd is

not a licensed attorney, however, and has not met the requirements to acquire "next

friend" standing under 28 U.S.C. § 2242.[3]  *See Tate v. United States*, 72 F. App'x 265,

266 (6th Cir. 2003) (setting forth requirements for a putative "next friend" and stating

that the "putative next friend must clearly establish 'the propriety of his status' in order to

'justify the jurisdiction of the court.'") (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 164

(1990)).  Accordingly, the Magistrate Judge issued a Deficiency Order, instructing the

Clerk to return the petition to Petitioner and ordering Petitioner to sign the petition and

return it to the Clerk within thirty days.  (Doc. 3).  Petitioner did not return the signed

habeas petition, but, rather, Ammiyhuwd filed an objection to the Deficiency Order (Doc.

4), a motion to intervene (Doc. 6), and a notice of non-consent and application for a

three-judge court (Doc. 7).  Because Ammiyhuwd failed to establish in these filings that

Petitioner was unable to sign and return the habeas petition, or the propriety of his own

status as next friend, the Magistrate Judge recommended that this civil action be

dismissed without prejudice for failure to prosecute.  (Doc. 8 at PageID 253).  As

authority, she notes that district courts have the inherent power to *sua sponte* dismiss

---

[1] The caption of the petition indicates that it is filed under both 28 U.S.C. § 2241 and 2254, but, because petitioner is a pretrial detainee, the Magistrate Judge properly construed it as being filed under § 2241.  *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008) (explaining that § 2254 applies to petitioners who are held "pursuant to the *judgment* of a State court" (quoting 28 U.S.C. § 2254(b)(1) (emphasis in original)).

[2] Fed. R. Civ. P. 11(a) provides:  "Every pleading, written motion, or other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . .The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

[3] 28 U.S.C. § 2242 specifies that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Ammiyhuwd timely filed an Objection to the October 16, 2018 R&R on October 22, 2018. (Doc. 9).

**B. The June 27, 2019 R&R**

The Magistrate Judge reports that Ammiyhuwd filed on November 30, 2018 an "Emergency Ex Parte Engagement for Temporary Restraining Order and Preliminary Injunction. (*See* Doc. 10). She recommends that this motion, along with his pending motion to intervene (Doc. 6) and his notice of non-consent and application for a three-judge court (Doc. 7), be denied because Ammiyhuwd has no standing to file motions on Petitioner's behalf. (Doc. 11 at PageID 364).

Ammiyhuwd timely filed an Objection to the June 27, 2019 R&R on July 11, 2019. (Doc. 12).

**II.    ANALYSIS**

Ammiyhuwd's Objections to both R&Rs to some degree reprise his "Objection" to the Deficiency Order. There, he argues that, as Petitioner's "biological" father, he should automatically qualify as Petitioner's next friend because he "is truly dedicated to the best interests of his biological son[.]" (*See* Doc. 4 at PageID 180–82). This

3

argument fails under *Whitmore v. Arkansas*, *supra*, which mandates "two firmly rooted

prerequisites:"

> Decisions applying the habeas corpus statute have adhered to at
> least two firmly rooted prerequisites for "next friend" standing. First,
> a "next friend" must provide an adequate explanation—such as
> inaccessibility, mental incompetence, or other disability—why the
> real party in interest cannot appear on his own behalf to prosecute
> the action. Second, the "next friend" must be truly dedicated to the
> best interests of the person on whose behalf he seeks to litigate,
> and it has been further suggested that a "next friend" must have
> some significant relationship with the real party in interest.

495 U.S. at 163. Courts will often presume that a parent acts in his child's best

interests, but that presumption is insufficient to confer "next friend" standing when the

parent fails to set forth evidence that the petitioner "is incompetent or otherwise

incapable of pursuing the [ ] action on his own behalf." *Tate*, *supra*, 72 F. App'x at 267.

*See Helton v. Warren*, No. 2:10-CV-10384, 2010 WL 457478, at *1 (E.D. Mich. Feb. 8,

2010) ("Barb Helton has failed to satisfy the first prerequisite. She has neither alleged

nor established that her daughter, Julie Meyer, is incompetent or otherwise unable to

pursue a federal habeas action on her own behalf. Thus, even assuming that Helton is

acting in Meyer's best interests, Helton's failure to demonstrate Meyer's inaccessibility,

incompetence, or other disability, precludes the Court from considering the [   ]

petition."); *see generally Nickerson v. Dep't of Cmty. Health Ctr. For Forensic

Psychiatry*, No. 16-cv-11151, 2016 WL 1529783, at *1 n.1 (E.D. Mich. Apr. 15, 2016).

Ammiyhuwd alleges as "inaccessibility, mental incompetence, or other disability"

the fact that his son has "no knowledge of law, cannot appear and file the petition on his

own behalf." (*See* Doc. 1 at PageID 87 (citing *Whitmore*)). But as the Magistrate Judge

correctly reports, this status in insufficient to establish "next friend" standing. *Pinkston*

*v. Smith*, No. 3:15cv786-CWR-MTP, 2015 WL 7289501, at \*2 (S.D. Miss. Nov. 17, 2015) (assertions by brother of petitioner that petitioner has been "blocked" from the law library and has had his "papers" stolen from him not enough).  The circumstance in *Pinkston* mirrors this one:

> Stiles [the brother] does not claim that Chaz [the petitioner] is inaccessible or that Chaz cannot access the Court himself.  Rather, Stiles contends that Chaz cannot access a law library or his papers.  In other word, Chaz <u>is not educated in the law</u>.  It is not clear why it is preferable for Stiles, himself a non-attorney, to file these habeas claims, rather than Chaz. . . . The inaccessibility Stiles complains of simply is not the kind that warrants resort to the next friend device.

*Id.* (emphasis added).  *See Evans v. McNeil*, No. 3:06-cv-379, 2008 WL 2561899, at \*10 (N.D. Fla. June 25, 2008) ("[W]hile the court considers that Petitioner's father met the second prong of the test outlined in *Whitmore*, the assertions in his father's motion to proceed as 'next friend' fail to demonstrate that Petitioner was unable to proceed either himself or through legal counsel.  Petitioner's father alleged that Petitioner was incarcerated at the county jail, and pursuant to jail policy, inmates who were not represented by legal counsel were permitted to conduct legal research only by submitting a form to jail staff requesting specific information about legal matters they wished to research, and jail staff would then research the request but not in a timely manner.  Petitioner's father argued that the jail's system of research denied Petitioner access to the courts.  The circumstances alleged by Petitioner's father are distinguishable from those cases where courts have granted 'next friend' standing and fall far short of demonstrating that Petitioner was unable to appear on his own behalf or through legal counsel.") (citations to the record omitted)).

Otherwise, Ammiyhuwd's Objections challenge the Magistrate Judge's authority and argue that a failure to allow him to act as Petitioner's "next friend" or to intervene in

his petition violates both his—and his son's—first amendment guarantees to free speech and free exercise of religion. Reduced to their essence, Ammiyhuwd's Objections appear to follow those made by litigants in the "sovereign citizens" movement "who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *White v. Tennessee*, No. 2:14-CV-115, 2014 WL 3908203, at *4 (E.D. Tenn. Aug. 11, 2014) (quoting *United States v. Ulloa*, 51 F. App'x 105, 106 n.1 (2d Cir. 2013)). *See also Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). As noted by another district court:

> Plaintiff appears to be relying on a "sovereign citizen" theory to challenge the Court's filing fee, which has been unsuccessfully propounded by others. This legal theory seems to have originated in the context of tax protests, and is generally advance to challenge state and federal laws and judgments. The theory (in all of its various forms) has been struck down consistently by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *U.S. v. Delatorre*, 2008 WL 312647, at *2 (N.D. Ill. 2008) ("This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre,' or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.' Mr. Delatorre's Uniform Commercial Code ('UCC'), copyright, and trademark filings do not change his fact.").

*Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at \*2 (D. Idaho Dec. 6, 2013) (emphasis added). *See also El-Bey v. City of Greensboro*, No. 1:10CV291, 2010 WL 3242193, at \*1 (M.D.N.C. Aug. 16, 2010) ("Plaintiff is among group of individuals, sometimes referred to as 'sovereign citizens,' who claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons. By now, the path of these litigants is well-traveled, and courts have repeatedly rejected their claims as frivolous."), *report and recommendation adopted as modified*, 2011 WL 255719 (M.D.N.C. Jan. 25, 2011).

Ammiyhuwd denies being a sovereign citizen, and refers to himself and his son as follows: "biblical 'Transient foreigner' 'non-residence', Sui Juris, In Propria Persona, Rerum Natura, Sui Generis, Achashverosh Adnah Ammiyhuwd (Petitioner-Appellant or Biblical Israelite-American national republic Ammiyhuwd), a biblical chief Ambassador/Diplomat, Israelite-American national republic as defined in 8 U.S.C. § 1101(a)(14)(21), non-citizen national as defined in 8 U.S.C. § 1452, and Section 101(a)(21) of the Immigration and Nationality Act (INA), Petitioner (not a so called sovereign citizen') a none 'U.S.\*\* citizen' under 8 U.S.C. § 1401, (not a so called 'Black or so called African American etc., or of African nationality or descent') but born in North America Republic, a First, Ninth and Tenth Amendments to the United States of America Constitution and Article I, Section 2, 3, 4, 9, 24, 27, 31, and 37 of the Indiana Constitution biblical citizen of Heaven, domicile in the Kingdom of heaven on earth pursuant to Philippians 3:20 (NKJV), from the tribe Judah ('Yahadah') of the twelve tribes of Israel ('Yashar'al') of the Holy Bible[.]" (Doc. 12 at PageID 366–67).

Regardless of how Ammiyhuwd wishes to "classify" himself, however, he is subject to the laws of the United States and the Federal Rules of Civil Procedure, as is Petitioner. *See United States v. Leugers*, No 1:16cv614, 2017 WL 393092, at *1 (S.D. Ohio Jan. 30, 2017).

### III.    Conclusion

There is no error in the Magistrate Judge's conclusion that Ammiyhuwd has no standing to file the motions (Docs. 6, 7, and 10) that are pending on the docket. Thus, Ammiyhuwd's Objections (Doc. 12) are **OVERRULED**. The Court **ADOPTS** the premise of her Report and Recommendation (Doc. 11) dated June 27, 2019, but rather than deny the motions as recommended, the Court instead will **STRIKE** Documents 6, 7, and 10 from the record.

There also is no error in the Magistrate Judge's conclusion that Petitioner must sign his petition for a writ of habeas corpus and that Petitioner has failed to comply with the Court's Deficiency Order issued on August 29, 2018. Therefore, Ammiyhuwd's Objections (Docs. 4, 9) are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. 8) dated October 16, 2018. Accordingly, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

8